## John T. Duggan, Appellant, *v.* William J. Duggan.

*Practice—Assumpsit—Account—Pleadings—Judgment on pleadings —Quod computet—Act of May 14, 1915, P. L. 483, section 11, 17 and 19—Act of October 13, 1840, P. L. (1841) 1.*

In an action of assumpsit for an accounting under section 11 of the Practice Act of 1915, the prothonotary is not authorized to enter judgment on the pleadings for an amount admitted to be due.

Section 17 of the Practice Act, providing for the entry of judgment by the prothonotary for want of an affidavit of defense, or for any amount admitted, or not denied, to be due, has no application to actions for an account brought under section 11.

In such an action the only judgment that can properly be entered on the pleadings under section 19 of the Practice Act is quod computet.

The action of account render was not abolished by the Practice Act, nor has the 18th section of the Act of October 13, 1840 (P. L. 1841) 1, regulating procedure in actions of account render been supplied or repealed.

Argued April 29, 1927. Appeal No. 193, April T., 1927, by plaintiff from order of C. P. Allegheny County, October T., 1926, No. 1562, in the case of John T. Duggan v. William J. Duggan. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit asking for an account.   Before Swearingen, J.

The facts are stated in the opinion of the Superior Court.

Plaintiff took judgment for the amount admitted to be due in the affidavit of defense.   Subsequently the court made absolute the rule to strike the judgment from the record.   Plaintiff appealed.

*Error assigned* was striking off the judgment.

*Frederic W. Miller,* and with him *Zehner & Allen,* for appellant.—The plaintiff was entitled to judgment for the amount admitted to be due: Cerkovnik Bros. v. E. Windber Coal Co., 74 Pa. Superior Ct. 399; Miller v. Belmont Packing & Rubber Co., 268 Pa. 51.

*Leonard K. Guiler* for appellee.—The Practice Act of 1915 does not provide for the entry of judgment for an amount admitted to be due in an action for an accounting: Fulton Farmers Assn. v. Bomberger, 262 Pa. 43; Shaw v. Newingham, 279 Pa. 180.

Opinion by Cunningham, J., July 8, 1927:

John T. Duggan, the appellant, claiming that his brother, William J. Duggan, was liable to account to him for the rental value, at the rate of $75 per month, of certain real estate inherited from their mother, and being unable to state the exact amount due, but averring that it exceeded $1,500, brought his action asking for an account under Section 11 of the Practice Act of May 14, 1915, P. L. 483.   The defendant filed an affidavit of defense admitting his liability to account but averring that the monthly rental value was only $50 and that by reason of payments for repairs and taxes, and by reason of certain specified counter-claims, the amount due plaintiff did not exceed $651.25. Plaintiff filed no reply to the counter-claims, but, con-

tending that there was an amount admitted by the affidavit of defense to be due, filed, with the prothonotary, under Section 17 of the Practice Act of 1915, a praecipe directing him to enter a judgment in his favor against the defendant in the sum of $651.25, "the amount admitted to be due in the 11th paragraph of defendant's affidavit of defense, with leave to plaintiff to proceed with this case for the collection of the balance claimed." Upon petition of the defendant the court below struck off this judgment upon the ground that it was unauthorized, and the plaintiff took this appeal, assigning as error the order striking off his judgment. The question involved therefore is whether the plaintiff was legally entitled, as the pleadings then stood, to have a judgment entered in his favor for $651.25 "with leave to proceed for the balance." Appellant points to the Practice Act of 1915 as authority for the entry of this judgment and particularly to Section 17 thereof. As the fundamental question is whether the plaintiff was entitled, under the admissions in the affidavit of defense, to have any judgment entered in his favor, save that of "quod computet," we shall not stop to inquire whether the phrase "with leave to proceed for the balance," as found in Section 17 of the Practice Act of 1915, is intended to apply to judgments entered by the prothonotary for want of an affidavit of defense, or for any amount admitted or not denied to be due, or only to those entered by the court upon the rules provided for therein.

Confining our attention to the main issue we learn from the record that plaintiff and defendant are tenants in common of certain real estate in the 10th Ward of the City of Pittsburgh, having thereon erected a dwelling house, shop and other out buildings, and that these premises have been in the exclusive occupancy of the defendant since June 1, 1922, the date upon which the title vested in the parties. On August 10,

1926, plaintiff issued a summons in assumpsit and filed his statement of claim. In it, after averring the co-tenancy and equal ownership of the property and the exclusive occupancy thereof by defendant, plaintiff states that the rental value of the property is $75 per month; that the defendant "might have and should have paid the expenses of repairs, taxes," etc.; and that he has demanded that defendant account to him for his share of the rental value, less proper expenses, but defendant has refused to account or to pay the amount due. Plaintiff then avers "that he is unable to state the exact amount due him by the defendant by reason of not knowing the amount of such outlay [for expenses] by the defendant and his failure to account to the plaintiff. Wherefore plaintiff asks that defendant may be required to furnish him with a proper account in accordance with the Act of Assembly in such case made and provided and that plaintiff may recover from defendant in this suit the amount shown to be due him by said account, which plaintiff avers will exceed, to the best of his knowledge, information and belief the sum of $1,500." Prior to the Practice Act of 1915 plaintiff's remedy would clearly have been the common law action of account render between tenants in common: Irvine v. Hanlin, 10 S. & R. 219; Griffith v. Willing et al., 3 Binney 316. Now, he invokes the provisions of Section 11 of the Practice Act, wherein it is provided that "If the plaintiff avers that the defendant has received moneys as agent, trustee, or in any other capacity for which he is bound to account to the plaintiff, or if the plaintiff is unable to state the exact amount due him by the defendant, by reason of the defendant's failure to account to him, the plaintiff may ask for an account." The defendant did not deny the plaintiff's right to proceed under this section, but filed an affidavit of defense to the merits. In it he denies that the rental value of the property is $75 per

month and avers that it is not over $50 per month. He also avers that he has paid the expenses of repairs and taxes on the property to the amount of $835.39 and states that "he has always been ready and willing to account to the plaintiff." By way of counter-claim the defendant states that the personal estate of their mother was not sufficient to pay her debts and that he had paid in excess of the amount of her personal property the sum of $237.13; that plaintiff promised to pay him one-half thereof, but has failed so to do, and also promised to pay the sum of $62.50, being one-half of the cost of a headstone. Defendant summarizes his position by stating that the total rental value of the real estate from June 21, 1922, to August 21, 1926, at $50 per month, amounted to $2,500, for one-half of which he is liable to account to the plaintiff, but from which there is to be deducted one-half of the amount of the repairs and taxes, one-half of the above mentioned debts, and one-half of the cost of the headstone, or an aggregate amount of $598.75, thus leaving a balance due plaintiff of $651.25. We have therefore in this case a statement of claim in assumpsit under Section 11 of the Act of 1915 and an affidavit of defense denying liability to account for rentals at the monthly rate claimed by the plaintiff but admitting liability to account at a lower rate, subject to deductions for certain items claimed to have been paid out by the defendant, which are to be deducted before anything is due the plaintiff. It should be observed, however, at this point that the action of account render has not been abolished by the Practice Act; nor has the 18th Section of the Act of October 13, 1840, P. L. (1841) 1, 7, regulating the procedure in actions of account render been supplied or repealed: Miller v. Belmont P. and Rubber Co., App., 268 Pa. 51. Our former Practice Act of May 25, 1887, P. L. 271, by its express terms applied only to the then-existing actions of "as-

sumpsit, debt, covenant, trespass, trover and case"
and all other actions were in no way affected by its
passage. Section 11 of the Practice Act of 1915 and
Section 19, hereinafter referred to, are, in the language
of the Supreme Court in the case just cited, "clumsily
expressed efforts to assimilate account render and as-
sumpsit." In the case of Backer v. Remov, App., 69
Pa. Superior Ct. 138, Judge HENDERSON, speaking for
this court, directs attention to the fact that the Act of
1915 relates only to practice in actions of assumpsit
and trespass, except actions for libel and slander, and
prescribes the pleadings and procedure to be observed
therein, and shows that there is nothing in the title or
in the first section indicating a purpose on the part of
the Legislature to enlarge the class of claims which
may be made the subject of the action of assumpsit.
The question there was the right of a defendant to set
up a counter-claim arising out of partnership dealings
between the plaintiff and himself and it was held that
this could not be done because a defendant may set off
or set up by way of counter-claim only a right or claim
for which an action of assumpsit would lie; whereas,
the form of action for the settlement of partnership
accounts at common law is account render and as-
sumpsit is not available for such purpose. It is to be
noted that Section 11 of the Act of 1915 contains no
reference to partnership accounts and it is clear that
it was not the legislative intent to make the action of
assumpsit under the Act of 1915 a general substitute
for account render. The most that can be said is that
under the particular circumstances set forth in Section
11 of the Act of 1915 a plaintiff may bring an action
of assumpsit and ask therein for an account. The pro-
ceeding, by whatever name it may be called, is still
essentially an action of account render and in dispos-
ing of this case the characteristics of that action must
be kept in mind. It is an ancient common law action

and is the appropriate action to compel an account of profits or moneys received. "It is peculiar, for in it there are two judgments: in the first place, there is judgment that the plaintiff and defendant account together; and in the second place, that the plaintiff or defendant recover the balance found to be due. The first judgment ...... merely decides that the plaintiff is entitled to an account": 1 R. C. L., Sec. 23, p. 222. By the said 19th Section of the Act of October 13, 1840, P. L. 1, 7, it is provided that in all actions of account render "after it shall have been found or admitted by the pleadings, that the defendant is liable to account to the plaintiff, it shall be in the discretion of the court in which the same is or shall be pending, to either appoint auditors and proceed according to the practices and usages of the common law, or direct a jury to be impaneled to settle the accounts of the parties, and find the balance due the plaintiff or defendant." By the 19th Section of this act Courts of Common Pleas are given all the powers and jurisdiction of Courts of Chancery, inter alia, in settling accounts which have theretofore been settled by the action of account render and the party desiring to commence such action is given the option to proceed either by a bill in chancery, under certain specified conditions, or at common law. The writ in the common law action commands the defendant to appear upon the return day to answer the plaintiff "of a plea of an account render." If the defendant fails to appear the plaintiff, having filed his declaration, may take a judgment "quod computet" by default, but such judgment is interlocutory only. As described in Troubat and Haly's Practice, Vol. IV, p. 3515, when the case is at issue under the pleadings the first question for the decision of a jury is whether the defendant is liable to account and after it shall be found, or admitted by the pleadings, that the defendant is liable to account

auditors may be appointed or a jury impaneled [Act of 1840] to settle the accounts, etc.  A general verdict in account render at common law merely establishes the liability of the defendant to account and the defendant is not concluded as to the dates and sums mentioned in the declaration.  The only judgment authorized by such verdict is quod computet and the whole subject is open to subsequent investigation by auditors or a jury who are to make proper charges and allow proper credits without regard to the verdict of the first jury.  It seems to follow that the plaintiff in the case at bar should not be bound by the "dates and sums mentioned" in defendant's set-off and counterclaim.  The proceedings before auditors or a subsequent jury are in the nature of a new action and the defendant is required to plead and show whatever matter discharges him from liability to the plaintiff in consequence of not having accounted with him as he ought.  The final judgment is that the party to whom a balance is due shall recover such balance from the opposite party.

When we inquire what provisions have been inserted in the Practice Act relative to procedure in actions instituted under its 11th Section the only ones we find are in the 19th Section, which provides that "When the plaintiff asks for an account, and moves for judgment for want of an affidavit of defense, or for want of a sufficient affidavit of defense, the court may enter an order for an account, which may be enforced by attachment or otherwise, and judgment may be entered for the amount shown to be due in favor of the plaintiff or the defendant."  This section prescribes the procedure when the defendant is in default by reason of his failure to file a sufficient affidavit of defense.  It does not change to any material extent the above mentioned common law procedure against a defaulting defendant.  It provides, not for the entering of any judg-

ment by the prothonotary, but first for an order by
the court that the defendant account (the basis of such
order being his failure to file a sufficient affidavit of
defense) and next for a judgment in favor of the plain-
tiff or the defendant, as the case may be, for the
amount shown to be due as a result of the accounting.
Here, in substance, are the two distinct judgments au-
thorized at common law. This Section 19 however is
not applicable to the situation in the present case. The
judgment here was entered by the prothonotary on
the praecipe of the plaintiff, not for want of an affi-
davit of defense or for want of a sufficient affidavit
of defense, but for an amount alleged to have been ad-
mitted to be due in the affidavit of defense and with
leave to proceed for the balance claimed by the plain-
tiff. The only section of the Practice Act of 1915 pro-
viding for the entering of judgments by the prothono-
tary is the 17th which reads: "In actions of assumpsit
the prothonotary may enter judgment for want of an
affidavit of defense, or for any amount admitted or not
denied to be due. The plaintiff may take a rule for
judgment for want of a sufficient affidavit of defense to
the whole or any part of his claim, and the court shall
enter judgment or discharge the rule, as justice may
require. When the defendant sets up a set-off or
counter-claim, he may move for judgment against the
plaintiff for want of a reply, or for want of a sufficient
reply to the whole or any part of the set-off or counter-
claim; and the court may enter judgment in favor of
the plaintiff, or the defendant, for such amount as shall
be found due, with leave to proceed for the balance."
This section provides for the entry of a judgment by
the prothonotary not only for "any amount admitted"
but also for any amount "not denied to be due" and
is therefore broader in its scope than was the Act of
May 31, 1893, P. L. 185.

A majority of the members of this court are of

opinion that Section 17 of the Practice Act of 1915 has no application to actions for an account brought under the 11th Section and that the court below did not err in striking from the record the judgment entered by the prothonotary in this case. We are also of opinion that, as the affidavit of defense admits the liability of the defendant to account, and is therefore insufficient as against plaintiff's demand for an account, the plaintiff is entitled, under Section 19, to a judgment of "quod computet" and that such judgment is the only one that can properly be entered under the pleadings in this case. It is stated in the opinion of the court below that there is no rule of that court relating to actions of assumpsit wherein the plaintiff has asked for an account. Therefore, whether the matter shall be proceeded with before auditors according to the practices and usages of the common law or whether a jury shall be impaneled to settle the accounts is, under the above mentioned 18th Section of the Act of 1840, a matter within the discretion of the court below. The conclusions we have reached are in harmony with the opinion of the Supreme Court in Miller v. Belmont P. and Rubber Co., App., supra, in which it is held that Sections 11 and 19 are constitutional and in which it is said that these parts of the Practice Act "appear as clumsily expressed efforts to assimilate account render and assumpsit, but Section 23 confers on the courts the right to make rules for the 'proper enforcement' of the statute; possibly it was the legislative intention that the courts, by such rules, should provide for and regulate the audit of accounts and the entry of final judgments thereon ....... In the meantime, on the record as it stands, we shall treat the order appealed from as equivalent to a judgment of quod computet, in accord with Section 18 of the Act of 1840, P. L. (1841) 1, 7, which, being in no wise inconsistent with the Act of 1915, is still extant." The impropriety

of permitting the judgment entered by the prothonotary in this case to stand is apparent. The plaintiff has not sued for any specified amount but for an accounting by the defendant of the rental value of the property, less such amounts as may have properly been expended for repairs and taxes, and he avers that the fair rental value is $75 per month. The defendant admits his liability to account but says that the fair rental value is only $50 per month. This difference is the fundamental contention between the parties. The defendant further avers that he has paid out $835.39 for repairs and taxes. Plaintiff has not replied to this averment, but as he sued for an accounting for rental value, less repairs and taxes, and as the action is primarily for an accounting it is doubtful, as above intimated, whether he is any more bound as to the dates and sums in this affidavit of defense than a defendant would be concluded under a general verdict that defendant is liable to account by the dates and sums mentioned in a declaration. In addition, the defendant sets up, by way of counter-claim, certain alleged promises by the plaintiff to pay him one-half of certain payments advanced by him but not on account of repairs or taxes. No reply to this counter-claim was filed by the plaintiff, but whether these items may legally be deducted in an accounting by defendant for the rental value of the property is a question which can properly be determined only by the tribunal selected to state the account. Clearly a plaintiff in an action of account render is not entitled in the event of the defendant's default to a judgment for the sums mentioned in his declaration. As we have seen, the only judgment which may be taken by default is quod computet and it would necessarily seem to follow that the defendant in this action should not be permitted to take credit for these payments merely because the plaintiff did not file a reply to the counter-

claim.   Again, under Section 19 of the Practice Act of 1915, when the plaintiff has asked, under Section 11, for an account and the defendant has failed to make any reply whatever, the only order which may be entered by the court is "an order for an account."

The assignment of error is dismissed; the order striking off the judgment is affirmed and the record is remitted for further proceedings not inconsistent with this opinion.

KELLER, J., dissents.