# Duggan, Appellant, v. Duggan.

*Tenants in common—Suits between—Rental—Act of May 14, 1915, P. L. 483—Practice, C. P.*

1. A tenant in common of real estate may sue in assumpsit, under the Act of May 14, 1915, P. L. 483, to recover from his cotenant who was in exclusive possession of the realty, a proportionate part of its rental value.

2. The Act of 1915, is a remedial statute, passed to expedite and simplify procedure, and must be construed, so far as reasonably may be, to accomplish these purposes.

*Practice, C. P.—Insufficient statement—Remedies—Acts of May 14, 1915, P. L. 483, and May 23, 1923, P. L. 325—Rule to strike off —Rule for more specific statement—Non-pros.*

3. The remedy of a defendant who asserts that a statement of claim in an action of assumpsit does not conform to the requirements of the Act of 1915, is to move to strike it off, as provided by section 21 of that statute, as amended immaterially by the Act of May 23, 1923, P. L. 325; if he is of opinion it does conform thereto, but is not sufficiently specific, he should take a rule for a more specific statement, and follow it with a motion for a non-pros, if the rule is made absolute and is not complied with.

*Practice, C. P.—Account—Action for account—Act of May 14, 1915, P. L. 483—Amount admitted—Judgment—Trial of issues.*

4. As the Act of 1915 places the action for an account therein provided for, on the same plan as other actions of assumpsit, subject to certain specified exceptions, the court must, without

extending or enlarging the exceptions, apply the same procedure to both classes, so far as this is reasonably possible.

5. In an action of assumpsit for an account, the prothonotary may, by virtue of section 17 of the Act of 1915, enter judgment for an amount admitted to be due, in an account which is filed with the affidavit of defense.

6. In ordering the entry of such a judgment, it is not necessary to reserve the right to proceed for the balance of the claim; but, if such a reservation is made, it does not affect the judgment itself.

7. Where a defendant in an action of assumpsit for an account, admits, in his affidavit of defense, that plaintiff is entitled to an account, and files one in connection with the affidavit, no order for an account is necessary, and the issue actually raised may be tried as in other cases of assumpsit.

8. If defendant in such an action does not deny plaintiff's right to an account, but files none, or insufficiently denies the right, plaintiff may proceed under section 19 of the Act of 1915, to obtain from the court an order for an account, and the suit should then proceed as in other cases under the statute.

9. If defendant in such an action sufficiently denies that plaintiff is entitled to an account, the issue ordinarily raised by the pleadings must first be tried. If this results in determining that defendant is not required to account, the proceedings then end; but if it is decided he must account, the court should so order, and the suit thereafter proceeds as in other cases under the statute.

*Practice, C. P.—Rules of court under Act of May 14, 1915, P. L. 483—Action of account.*

10. Under section 23 of the Act of 1915, it is the duty of the courts of common pleas to make rules for the enforcement of the statute. In order to be applied to a particular suit, they need not be made before it was begun, but may be adopted thereafter, and may be general or special as the court may deem advisable.

11. Such rules should not attempt to assimilate the procedure in these cases to that in account render, however, but, as far as reasonably may be, should be such as to simplify the procedure and expedite the final determination of the case.

Argued December 5, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 13, March T., 1928, by plaintiff, from judgment of Superior Court, April T., 1927, No. 193,

affirming order of C. P. Allegheny Co., Oct. T., 1926, No. 1562, striking off judgment, in suit of John T. Duggan v. William J. Duggan. Reversed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

The Superior Court affirmed the judgment of the lower court.

*Error assigned* was judgment of Superior Court, quoting record.

*Frederick W. Miller,* with him *Zehner & Allen,* for appellant.—The legislative provisions relating to taking judgments for amounts admitted or not denied to be due in the affidavit of defense applies to actions of assumpsit where an account is demanded under section 11 of the Practice Act of 1915. Nor is this right affected by section 19 of the same act: Miller v. Packing & Rubber Co., 268 Pa. 51; Cerkovnik v. Coal Co., 74 Pa. Superior Ct. 399.

*Leonard K. Guiler,* for appellee.—An action of assumpsit in which the plaintiff asks for an account, was unknown before the passage of the Practice Act of 1915, and could not have been in contemplation of the legislature when the Act of 1893 was passed: Fulton Farmers Assn. v. Bomberger, 262 Pa. 43; Shaw v. Newingham, 279 Pa. 180; Miller v. Packing & Rubber Co. 268 Pa. 51.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1928:

Defendant was in exclusive possession of realty of which he and plaintiff were tenants in common, and hence became liable to pay to plaintiff his "proportionate part of the rental value of said real estate": Act June 24, 1895, P. L. 237. To recover this, plaintiff brought the present action in assumpsit, asserting that

the rental value was $75 per month, that defendant was entitled to a credit for his payments for repairs, taxes, &c. (the exact amount of which plaintiff did not know), and that "there is justly due and owing to him from the defendant, an amount equal to $37.50 per month," less one-half the credits referred to, leaving, as plaintiff believed, a balance due him in excess of $1,500. He asked that defendant be required to furnish a proper account and pay the balance found to be due.

Without challenging the sufficiency of the statement of claim, or plaintiff's right to have an account and payment, defendant filed an affidavit of defense in which he admitted the tenancy in common and his exclusive occupancy; averred the rental value was $50 per month; set forth an account charging himself with the rent at that figure, deducted therefrom the cost of repairs, taxes, &c., which he averred he had paid, and also certain other items of set-off to which he alleged he was entitled, and closed with the statement that the "balance due plaintiff [is] $651.25."

Upon plaintiff's præcipe, the prothonotary entered judgment in his favor for the $651.25, with leave to proceed for the collection of the balance claimed. Upon petition filed, the court of common pleas struck off the judgment, the Superior Court affirmed that order, and we allowed the present appeal. Whether or not the court of common pleas had the right to strike off the judgment thus entered, is the single question raised on this record. We are not now concerned with the technical sufficiency of the statement of claim; if defendant thought it did not conform to the requirements of the Act of May 14, 1915, P. L. 483, he should have moved to strike it off as provided by section 21 of that statute, as amended immaterially by the Act of May 23, 1923, P. L. 325; if he was of opinion that it did conform thereto, but was not sufficiently specific, he should have taken a rule for a more specific statement, followed by a motion for a non-pros, if the rule was

made absolute and was not complied with: Rhodes v. Terheyden, 272 Pa. 397. Here, neither of those steps was taken. Nor are we concerned with the effect of plaintiff's failure to reply to the items of set-off alleged in the affidavit of defense; this will be determined if and when plaintiff hereafter objects to them.

The Act of 1915, supra, is a remedial statute, passed to expedite and simplify procedure, and must, of course, be construed, so far as reasonably may be, to accomplish these purposes. It legally includes actions for an account (Miller v. Belmont Packing & Rubber Co., 268 Pa. 51) and, with the exceptions hereinafter stated, places such actions and other actions of assumpsit on the same plane, and subjects them to the same regulations. Consequently, without extending or enlarging those exceptions, the courts must, so far as reasonably possible, apply the same procedure to both classes.

Our first inquiry is, therefore, does the statute authorize the prothonotary to enter judgment for an amount admitted to be due? Section 17 (P. L. 486) so prescribes, and in doing this makes no distinction between the ordinary action of assumpsit and one in which an account is sought. Our next inquiry is, do sections 11 and 19,—the only ones which separately deal with actions of assumpsit for an account,—compel the conclusion that the general right thus given by section 17 does not apply to this class of actions? We find nothing in those sections which suggests, much less compels, such a conclusion. Section 11 simply states that if defendant is obliged to account, and plaintiff is "unable to state the exact amount due him......[he] may ask for an account." It nowhere suggests that if he does this, as plaintiff here did, he will be deprived of any of the other rights given to plaintiffs in actions of assumpsit. Section 19 provides that "When the plaintiff asks for an account, and moves for judgment for want of an affidavit of defense, or for want of a sufficient affidavit of defense, the court may enter an order for

an account, which may be enforced by attachment or otherwise, and judgment may be entered for the amount *shown* to be due in favor of the plaintiff or the defendant." In the instant case, as defendant admitted his duty to account, and actually filed one, it was not necessary to make either motion, or to obtain such an order; hence this section has no applicability to the present case. The last clause, referring to the judgment to be entered under the circumstances there stated, evidently refers to the final judgment after the accounting, since it may be for either plaintiff or defendant, for the amount *shown* to be due. It thus appearing that there is nothing expressed in the statute which limits the right of a plaintiff, in actions for an account, to have a judgment preliminarily entered for an amount admitted to be due, we turn to the arguments which are supposed to lead to a different conclusion. It will be found, when they are tested, that they are equally ineffective.

It is first said that there is nothing in the act which expressly says a plaintiff may add, as he did here, a clause specifying that he reserves the right "to proceed with this case for the collection of the balance claimed." This is true as to both classes of actions of assumpsit, but does not aid defendants in either. That clause was unnecessary under the Act of 1915, but its addition was not harmful to defendant. The statute does not deny the right to so specify, but, on the contrary, necessarily so implies, for it expressly states in section 16 (P. L. 486) that, at the trial, no evidence is admissible except that which relates to the issues of fact made by the pleadings. As regards the amount admitted to be due, there can be no such issue. Moreover, the right to immediate judgment for an amount admitted to be due, and to proceed to trial to recover the rest of the claim, is expressly given by the Act of May 31, 1893, P. L. 185, which is not repealed by or antagonistic to the Act of 1915, but, on the contrary, being in pari

materia therewith, is to be applied wherever the facts justify it. True, actions of assumpsit for an account were not allowed when the Act of 1893 was passed, but this is an immaterial matter, where, as here, the legislative intent to grant this character of relief is apparent: Miller v. Belmont Packing & Rubber Co., supra, pages 63, 64. Moreover, the Act of 1893 does not refer to actions of assumpsit at all, but to all existing and future cases in which affidavits of defense have been or may be filed.

It is further said that the Court of Common Pleas of Allegheny County, in which the suit was begun, has no rules of court by which the procedure in this class of cases can be regulated. This, however, is a matter of total indifference; section 23 of the Act (P. L. 1915, page 487) expressly says, "The courts of common pleas *shall* make such rules," and whenever necessary the courts must do so. They need not be adopted before the suit is begun; if the litigants are not deprived of due process of law, and their other constitutional and statutory rights are not impaired, such procedural rules may be adopted in limine for the purpose of the particular case: Prettyman v. Irwin, 273 Pa. 522, 527; Equipment Corporation of America v. Primos Vanadium Co., 285 Pa. 432.

In point of fact, no additional rules are needed in the present action. Defendant, recognizing that he was bound to account, filed with his affidavit of defense what he alleges to be a true account. The statement and affidavit of defense thus make the issue to be tried, and it is a simple one. As in other cases, plaintiff has the burden of proving the rental value of the property, if he alleges it was more than $50 per month; defendant has the burden of proving the credits which he claims, if they are denied by plaintiff. Whether or not they or any of them are denied, the court of common pleas has ample power to have determined preliminarily, if it chooses so to do.

The general procedure in this class of actions is plain. If, as here, defendant admits his duty to account, and files what he alleges to be a true one, no order to account is necessary, and the issues actually raised are to be disposed of as in other cases of assumpsit. If defendant does not dispute plaintiff's right to an account, but files none, or insufficiently denies the right, plaintiff may proceed under section 19 of the Act of 1915 (P. L. 486); the court should order an account, and the suit will then proceed as in other cases. If defendant sufficiently denies the duty to account, the issues actually raised by the pleadings must first be tried: Miller v. Belmont Packing & Rubber Co., supra, pages 58, 59. If, as the result of the trial, it is determined that defendant is not required to account, the suit ends there; if it is decided he must account, the court so orders, and the suit thereafter proceeds as in other cases: Miller v. Belmont Packing & Rubber Co., supra, pages 63, 64.

The procedure, after an account has been filed, will be governed by the general or special rules of court provided for by section 23 of the statute. It need not be, indeed should not be, according to the practice in account render. The Act of 1915 was passed for the purpose of providing for an action at law, in this class of cases, without the necessity for adopting the cumbersome, dilatory and expensive method of account render, and, as stated, should be construed to simplify procedure,—not to retain that which is the reverse of simple. If, for instance, the court rules assimilate the procedure under the Act of 1915 with that provided in cases of bills in equity for an account, the spirit and purpose of the statute will have been complied with. We do not say that such assimilation must be provided for; other methods of procedure may be found to be equally effective; we only say that, whatever method is pursued, it must accord with the purpose and spirit of the Act of 1915, and with the other existing proce-

dural statutes.    As already stated, however, no additional rules are necessary in the present case.

The order of the court of common pleas and the judgment of affirmance thereof by the Superior Court are both reversed, the judgment entered by the prothonotary of the court of common pleas is reinstated, and the record is remitted with a procedendo.