## Gold v. Crown.

*Ladner & Ladner,* for plaintiff; *Barnett Cohen,* for defendant.

LEWIS, J., June 14, 1929.—This is an action of *assumpsit* for an amount which plaintiff "believes, and therefore avers, will exceed the sum of $2500, with interest thereon," the exact amount, however, "to be determined by an

account to be rendered as demanded in the statement of claim." The plaintiff's statement then sets forth that the parties were partners between Jan. 15, 1928, and Dec. 31, 1928, at which time the relationship was dissolved by mutual agreement; that the defendant has retained in his custody all of the papers, records, books of account, moneys and other assets of the partnership and has refused to give the plaintiff any statement from which plaintiff might determine the exact amount to which he is entitled. The affidavit of defense admits the partnership, states that certain of the papers, records and books of account have always been in the custody of the defendant, and that the plaintiff has always had access to them and may now have such access for the purpose of gaining whatever information he desires. The defendant further narrates in his affidavit of defense that some of the papers and records of the partnership are in the plaintiff's possession, and that certain of the assets of the partnership, consisting of furniture, fixtures and two new Hupmobile automobiles, have, since the dissolution of the partnership, been in the possession of the plaintiff, who has converted them to his own use; that the defendant is not able to furnish plaintiff with a full, detailed and proper account, and, finally, that there is no balance due the plaintiff from him. A set-off and counter-claim is then pleaded, in which the defendant claims certain sums growing out of their dealings as partners and the employment of plaintiff by defendant in another business.

The plaintiff has filed a reply to the set-off and counter-claim, the general effect of which is to admit certain items, averring that defendant is entitled to a credit therefor against the amount which is due plaintiff in the distribution of the assets of the partnership.

The matter now comes before the court on a rule, granted upon petition of the plaintiff, to show cause why defendant should not be ordered to account.

It is manifest that the plaintiff is proceeding under section 11 of the Practice Act of 1915, which entitles a plaintiff, under certain circumstances, to ask for an account. There is some authority, however, for the proposition that an action in *assumpsit*, under this provision of the Practice Act, does not lie for the settlement of partnership accounts involving more than a single transaction (Backer *v.* Remov, 69 Pa. Superior Ct. 138; Duggan *v.* Duggan, 91 Pa. Superior Ct. 374, 379; Amram, Pennsylvania Practice Act of 1915, pages 82, 83), although some of the language used in Miller *v.* Belmont Packing and Rubber Co., 268 Pa. 51, casts doubt upon it. A discussion of these authorities is to be found in Fearon *v.* Meads, 3 D. & C. 243.

Under any circumstances, however, we find that section 19 of the Practice Act provides that: "When the plaintiff asks for an account, and moves for judgment for want of an affidavit of defense, or for want of a sufficient affidavit of defense, the court may enter an order for an account. . . ." In the opinion of Mr. Justice Simpson, when the case of Duggan *v.* Duggan, *supra*, was appealed to the Supreme Court (291 Pa. 556), it is said: "The general procedure in this class of actions is plain. If, as here, defendant admits his duty to account, and files what he alleges to be a true one, no order to account is necessary, and the issues actually raised are to be disposed of as in other cases of *assumpsit*. If defendant does not dispute plaintiff's right to an account, but files none, *or insufficiently denies the right*, plaintiff may proceed under section 19 of the Act of 1915, P. L. 486; the court should order an account, and the suit will then proceed as in other cases. If defendant sufficiently denies the duty to account, the issues actually raised by the pleadings must first be tried: Miller *v.* Belmont Packing and Rubber Co., *supra*, pages 58, 59. If, as the result of the trial, it is determined that defendant is

not required to account, the suit ends there; if it is decided he must account, the court so orders, and the suit thereafter proceeds as in other cases: Miller v. Belmont Packing and Rubber Co., *supra*, pages 63, 64."

The theory of the plaintiff in this case is that the defendant has insufficiently denied the right of the plaintiff to an account. It would seem that he should have proceeded under section 19 of the Practice Act instead of by petition for the rule now before us.

The argument that the defendant has insufficiently denied the right to an account seems based upon the fact that the plaintiff has certain of the partnership books in his possession. As has been indicated above, however, this is not admitted to the extent necessary, before the court, on the bare pleadings, can direct defendant to file an account. In addition, we have the offer in the affidavit of defense to permit the plaintiff to have access to the books for such information as he desires. There is nothing before us to indicate that this is anything but a true and *bona fide* statement. In view of the retention by the plaintiff of certain of the partnership property, and the fact that admittedly the plaintiff owes the defendant certain sums of money as a result of their dealings, we cannot see our way clear to order an account at this point.

The rule is, accordingly, discharged.