## Appel et ux. v. City of Philadelphia et al.

*Edmonds, Obermayer & Rebmann*, for Philadelphia Coke Company, additional defendant.

*Richard A. Smith*, for Vare Construction Company, additional defendant.

ALESSANDRONI, J., June 6, 1932.—An action in trespass was begun by the plaintiffs against the City of Philadelphia as a result of the alleged negligence of the latter in failing to keep the roadway on Passyunk Avenue, between Catharine and Fitzwater Streets, in proper repair. The City of Philadelphia sci. fa'ed. the Philadelphia Gas Works Company as an additional defendant, alleging that the Philadelphia Gas Works Company was liable over unto the original defendant, and the Philadelphia Gas Works Company sci. fa'ed. the Philadelphia Coke Company as additional defendant, alleging that it was liable over unto the Philadelphia Gas Works Company. The Philadelphia Coke Company then sci. fa'ed. the Vare Construction Company as additional defendant, averring that the latter was liable over unto it. The sci. fa. sets forth that the Philadelphia Coke Company entered into a contract with

the Vare Construction Company on January 22, 1929, for the construction of a twenty-inch gas main on Passyunk Avenue, and that the hole, depression, etc., which the plaintiffs claim caused their loss resulted from the construction of the said twenty-inch gas main and "arose out of the nature of the work in question and incident to the performance thereof while it was still under way and was a risk from which the Vare Construction Company agreed to indemnify and save harmless the said Philadelphia Coke Company." The Vare Construction Company, in its petition for a rule to quash the sci. fa. set forth as its reason in support thereof the fact that, this action being originally in trespass, it cannot be made a party to the proceeding by virtue of a contract or assumpsit relationship.

There are two phases to the question raised. First, whether the Vare Construction Company is brought in as an additional defendant because of its negligence, and, secondly, admitting that the basis of the action of the Philadelphia Coke Company is contractual, whether the action can be maintained in this proceeding. With reference to the first phase, we are of the opinion that the sci. fa. sufficiently sets forth the negligence of the Vare Construction Company. In paragraph three thereof it is averred that the hole or irregularity causing the injury resulted from the manner in which the Vare Construction Company performed its work and arose out of the nature of the work in question and incident to the performance thereof. While there is no direct allegation of negligence, it would seem that the Philadelphia Coke Company has sufficiently set forth that the plaintiffs' injury resulted solely from the manner in which the Vare Construction Company performed its work, which would cause the action to sound in trespass. The detailed requirements of ordinary pleadings are not required in sci. fa. proceedings to join additional defendants.

However, we are of the opinion that, even assuming for the purposes of argument that the basis of the action of the Philadelphia Coke Company lies in the contract of indemnity entered into by and between it and the Vare Construction Company, the latter may still be joined in this sci. fa. proceeding as additional defendant. An analysis of the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, confirms us in this conclusion. The act as amended provides that any defendant "may sue out, as of course, a writ of sci. fa. to bring upon the record, as an additional defendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him. . . ." There is no limitation of any kind in the act. The only requirement is that the additional defendant shall be alone liable or liable over to the one issuing the scire facias regardless of the nature of the right, be it in contract or in tort. Moreover, the act provides that "upon the joinder of additional defendants under the terms of this act, such suit shall continue, both before and after judgment, according to equitable principles, although at common law or under existing statutes the plaintiff could not properly have joined all such parties as defendants." The clear intent of the act was to determine the rights of all parties having any interest or liability in the suit in question in one action, regardless of any technical questions of procedure, and to avoid a multiplicity of suits. The decisions construing this act unanimously so hold.

In the leading case of Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564, it was stated: "The act is a remedial one. Its purpose is to avoid a multiplicity of suits; to compel every interested person to appear and defend the action by plaintiff, and to save the original defendant from possible harm resulting from loss of evidence, as might result if compelled to await the end

of the suit before proceeding against those who were primarily liable in whole or in part. Hence, the statute is to be liberally construed to advance the legislative purpose: Fulton Farmers Ass'n v. Bomberger, 262 Pa. 43, 47; Duggan v. Duggan, 291 Pa. 556." Mr. Justice Simpson, in that opinion, then continues by stating that "the issues raised by the scire facias and the proceedings following it are between the two classes of defendants only, and are, in form and effect, in assumpsit (Philadelphia v. Reading Co., 295 Pa. 183), whether the original proceedings are in assumpsit or trespass." It thus appears affirmatively that in a trespass action a defendant may sci. fa. as additional defendant one who is liable over to him in assumpsit. Also, see First National Bank of Pittsburgh v. Baird, 300 Pa. 92; Shapiro v. Philadelphia et al., 306 Pa. 216. These decisions also hold that, inasmuch as the purpose of the act is to prevent a multiplicity of suits, the court should give full effect to the intention of the legislature and construe the act accordingly. We, therefore, are of the opinion that the rule to quash the writ of sci. fa. should be discharged.

And now, to wit, June 6, 1932, the rule to quash the writ of sci. fa. is discharged.