## Strosser v. Universal Atlas Cement Co.

*Bard & Brown* and *Zimmerman, Myers & Kready*, for plaintiff.

*Windolph & Mueller*, for defendant.

ATLEE, P. J., January 15, 1937.—Emilie Strosser, on August 19, 1936, by her counsel, issued a summons in trespass against the Universal Atlas Cement Company, a corporation. From plaintiff's statement filed in this case it appears that plaintiff is a resident of Lancaster City and that defendant is a corporation with its principal office in the City of New York. On July 30, 1936, there was a collision between a Dodge delivery truck owned by plaintiff and a Chevrolet sedan automobile owned by defendant and operated by an employe of defendant.

On October 5, 1936, defendant presented a petition setting forth that the Universal Atlas Cement Company is a corporation incorporated under the laws of the State of Indiana, registered and authorized to do business as a foreign corporation in the Commonwealth of Pennsylvania, with its registered office in Pennsylvania, located at 325 Chestnut Street, Fidelity-Philadelphia Bank Building, Philadelphia, Pa., care of The Corporation Trust Company. According to the averments of the petition the service of the summons issued in the above case and the return of service is as follows:

"Served the within writ and statement on the within named Universal Atlas Cement Company, a corporation, the within named defendant, by registered mail at 135 East 42nd St., New York City and to Secretary of Revenue of Commonwealth of Pennsylvania by registered mail as per return receipts hereto attached. So Answers Tom C. Shirk, Sheriff of Lancaster Co."

Averring that the service as above set forth is defective and that such service wholly fails to comply with section 1011 of the Business Corporation Law of May 5, 1933,

P. L. 364, defendant petitioner asks the court for a rule to show cause why the service and return in the above entitled case should not be set aside. Plaintiff filed an answer to the petition. This answer avers that the service was properly made in accordance with section 2 of the Act of May 16, 1935, P. L. 174. Counsel for the defendant contend that the service should have been made as provided under the Business Corporation Law, supra, wherein it is provided that service of legal process upon a foreign business corporation shall be made by the Sheriff of Dauphin County upon the Secretary of the Commonwealth. At the top of page 423 we find this provision:

"Nothing herein contained shall limit or affect the right to serve any process, notice, or demand, required or permitted by law to be served upon a foreign corporation, in any other manner now or hereafter permitted by law."

The Act of May 16, 1935, supra, is an amendment to previous acts: ". . . providing for the service of process in civil suits on nonresident . . . owners, of motor vehicles operated within this Commonwealth of Pennsylvania; and making the operation of such a motor vehicle on the public highways of the Commonwealth of Pennsylvania the equivalent of the appointment of the Secretary of Revenue of the Commonwealth of Pennsylvania, as the agent of the said nonresident, upon whom civil process may be served". This act provides for the service of process as service was made in the instant case. No authorities were cited by counsel for either side.

On behalf of defendant the principal contention is that when a foreign corporation is registered under the laws of this State it really is not a nonresident without the jurisdiction of Pennsylvania courts. The question before the court seems to be: Where a foreign corporation registers under the laws of Pennsylvania and thereby becomes a quasi-Pennsylvania entity, must service of process, in a civil suit to recover damages for injuries due to a collision with an automobile driven by an agent

of said foreign corporation, be made under the general Business Corporation Law of 1933, or must such service be made as is provided in the Act of May 16, 1935, supra?

In the brief filed on behalf of defendant in this case, counsel for defendant avers that the automobile operated by defendant's agent bore a Pennsylvania license. This statement in the brief is the only way that this fact has been brought upon the record. The Vehicle Code of May 1, 1929, P. L. 905, sec. 402(b), provides:

"Applicants for registration, who are not residents of this Commonwealth, shall, by their application, in addition to the above requirements, designate the secretary as their authorized agent upon whom process may be served."

In the opinion of the court the existence of this provision for the registration of motor vehicles for applicants who are nonresidents of the Commonwealth is important. The mere fact of granting a Pennsylvania motor vehicle license to defendant would not make defendant a resident of this Commonwealth, since our motor vehicle registration act permits the granting of registration to persons who are not residents of this Commonwealth.

The act of assembly which permits a nonresident to secure a motor vehicle license within the Commonwealth of Pennsylvania prescribes how suit may be brought against such nonresident vehicle owner. The act provides remedies and defines procedure: ". . . statutes relating to remedies and procedure are to be construed liberally with a view to the effective administration of justice": 59 C. J. 1129, sec. 669; Duggan v. Duggan, 291 Pa. 556, 560; Ermine v. Frankel et al., 322 Pa. 70, 72. In the opinion of the court there is no conflict between the provisions of the Business Corporation Law of 1933, and the provisions for licenses of nonresident motor vehicle owners as contained in The Vehicle Code of 1929.

It appears, therefore, that the process was served in accordance with the provisions of the act of assembly

**650**

specifically providing for service upon a nonresident owner of process in a civil action arising from use of a motor vehicle upon the highways of Pennsylvania, and therefore was properly served. The rule to show cause why the service of the summons and return of service in this case should not be set aside is discharged.

From George Ross Eshleman, Lancaster.