## Simon v. Yantorn et al.

Before Hoban, P. J., Eagen and Robinson, JJ.

*Gerald G. Dolphin*, for plaintiff.

*Jenkins & Ligi*, for defendants.

ROBINSON, J., February 20, 1952.—This matter is before us on exceptions to the report of an auditor appointed to settle the accounts of the parties after the entry of a judgment of quod computet in an action at law for an accounting. In a proceeding, in the nature of a common-law action of account render, is the auditor required to consider all items of account between the parties to the time of his report or is the audit limited solely to those items arising before the commencement of the initiating suit? This is the question raised by the exceptions.

The litigation was instituted on February 24, 1950, when plaintiff sued in assumpsit seeking an accounting for moneys allegedly due and in the hands of defendants. Underlying the controversy is a promise on the part of defendants to pay plaintiff 10 cents per ton for all coal removed from certain strip-mining operations. The issue came to trial May 31, 1951, and the jury returned a verdict that "defendants shall account to the plaintiff". Plaintiff entered judgment quod computet on the verdict and an auditor was appointed to settle the account.

On August 24, 1951, defendants filed an account charging themselves with items, to February 28, 1950, amounting to $1,506.23, for which amount the auditor recommended that judgment be entered in favor of plaintiff, holding that defendants were liable

to account only to the time when the initiating action in assumpsit was filed.

Plaintiff's position is that defendants are liable to account for all moneys in their hands due plaintiff, at the time the auditor settles the respective items of charge and credit.

The common-law action of account render was in common use in Pennsylvania prior to the enactment of the Act of October 13, 1840, P. L. 1, section 19 of which gave to the courts of common pleas all of the powers and jurisdiction of courts of chancery in the settlement of accounts. Section 1 of the Act of May 31, 1933, P. L. 1091, abolished the common-law action but similar relief in an action at law was available under section 11 of the Practice Act of May 14, 1915, P. L. 483, which authorized the filing of a suit in assumpsit for an accounting. The latter practice has been preserved by the Rules of Civil Procedure which provide in Pa. R. C. P. 1021 that:

"Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, *including an accounting*, may be demanded."

In Duggan v. Duggan, 91 Pa. Superior Ct. 374, Judge Cunningham, speaking for the Superior Court, said analytically, page 379:

"The proceeding, by whatever name it may be called, is still essentially an action of account render and in disposing of this case the characteristics of that action must be kept in mind."

A suit in assumpsit for an accounting is in practical effect, not one but two actions. The practice, following the pattern of the common-law action of account render, provides for two distinct judgments. The jury, in the first action comprising the proceeding, is required to determine whether defendants are liable to account and, if so, then auditors may be ap-

pointed or a second jury empaneled to settle the accounts. The general verdict in the first action merely establishes the liability of defendants to account and the only judgment which may be entered upon the verdict is quod computet. No point concerning the respective items of charge and credit involved in the accounting is concluded by the initial verdict and judgment. The subsequent proceedings, whether before auditors or a jury, are in the nature of a new action and defendant is required to plead and prove whatever defenses he may advance to avoid liability for the failure to account. The judgment entered in the subsequent phase of the proceeding is the final judgment and provides for the balance, if any, due under the accounting and the party entitled to recover it. See Duggan v. Duggan, 91 Pa. Superior Ct. 374, Id. 291 Pa. 556; Golder v. Rabinowitz et al., 125 Pa. Superior Ct. 573; The Winton Coal Company v. The Pancoast Coal Company, 170 Pa. 437; Clark v. Essex Wire Corporation, 361 Pa. 60.

We are of the opinion that the auditor was in error when he confined the accounting to the time prior to the beginning of the initiating action. True, it is, as a general rule, that in actions at law plaintiff can recover only such amounts as are due when the suit is started except where future damages are allowable in litigation based on defendant's negligence or anticipatory breach of a contract: Golder v. Rabinowitz, supra. However, in an action in assumpsit for an accounting no claim for money is made in the first instance and a money judgment is not then recoverable; the only issue for determination is whether defendants shall account.

After the entry of a judgment quod computet the issues in the subsequent stages of the proceeding are properly framed by defendant's account and plaintiff's exceptions thereto, auditors are appointed or a jury

empaneled to settle the account and all items to the time of the adjudication of the issues raised by the accounting are includable. The principles governing the proceedings before the auditing forum are the same as those generally controlling litigation involving accountings. All items to the time of adjudication are considered if possible and the issues can be extended by the filing of supplemental accounts and exceptions. The policy of the law is to discourage multiple litigation where the matters in controversy can be determined in a pending proceeding.

Over a century ago Judge Yeats, speaking in Newbold et al. v. Sims, 2 S. & R. 317 (1816), said:

". . . this form of action is liberally extended in Pennsylvania, where we have no court of chancery to compel disclosures; . . . I admit the rules of pleading in account render in England to be as stated in 3 Wils. 113, and that whatever can be pleaded in bar to the action must be so pleaded, and cannot be pleaded before auditors. But I deny that the auditors are restricted to the days laid in the declaration. After a judgment quod computet, all articles of account, though incurred since the writ, are included, and the whole brought down to the time when the auditors make an end of the account. 2 Burr. 1086. The ultimate object of the suit is to compel a statement of the account, and the auditors will make the proper charges and allow the proper credits without regard to the verdict of the jury. 1 Dall. 340. Issues may be taken on any items of the account, and the same may be decided by another jury."

Now, February 20, 1952, the exceptions to the report of the auditor are sustained, the auditor's recommendation is disapproved and the account remitted to the auditor for further proceedings not inconsistent with principles expressed in this opinion.