## McKeon v. Independence Broadcasting Company

*Stradley, Ronon, Stevens & Young* and *C. Clark Hodgson*, for plaintiff.

*Dilworth, Paxson, Kalish & Green* and *Richard J. Gordon*, for defendant.

CRUMLISH, J., March 30, 1954.—This is an amended petition by plaintiff to serve written interrogatories upon defendant.

Plaintiff has issued a summons in assumpsit; no complaint has been filed. In his petition for leave to serve interrogatories, he avers an oral contract of employment with defendant which provided for compensation on a commission basis. Plaintiff claims commissions on billing to accounts which he sold for defendant, claiming commissions over a one-year period beginning October 9, 1952. In order to prepare a specific complaint, plaintiff requests that defendant give him total gross billings on certain accounts on which he claims commissions are owed. Plaintiff further avers he has been unable to secure this information from defendant, and it is necessary to him for the preparation of his claim.

Defendant argues that plaintiff's action should be: (1) For an accounting and not in assumpsit, and (2) that a complaint should be filed prior to this action. Other objections of defendant have been overcome by the amended petition filed following oral argument had on the original petition.

Pa. R. C. P. 4005 provides:

"Subject to the limitations provided by Rule 4011, the court on petition of any party may allow the serving of written interrogatories approved by the court to be answered by an adverse party to discover facts, including the existence and location of tangible things."

Pa. R. C. P. 4007(b) is substantially the same as the foregoing, except that it allows discovery against third persons as well as the adverse party, and provides for either oral examination or written interrogatories. Both rules are subject to the limitations of R. C. P. 4011, which prohibits, inter alia, discovery sought in bad faith; which causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or

any person or party; which relates to a matter which is privileged; which is not necessary to prepare the pleadings or prove a prima facie claim.

We find nothing in the present petition which would make rule 4011 applicable. On the other hand we find here a case which was intended to be covered by discovery; ". . . the simple, inexpensive procedure of petition and order . . .". From the facts presented, it appears that plaintiff cannot establish a prima facie case without first knowing what billings were made allegedly as a result of his efforts, and the total amount of such billings.

The rules provide no specific time during the pleadings of a case for the presentation of a petition for discovery. It appears that interrogatories may be filed and served at any time during the pretrial stage: Goodrich-Amram Commentaries §4005-08. Therefore we find no merit to defendant's contention that plaintiff should file a complaint before taking the present action. Nor do we find merit to defendant's assertion that plaintiff's proper procedure is for an accounting. Should defendant sufficiently deny plaintiff's right to an accounting, all issues raised by the pleadings would first have to be tried, then the question of an accounting determined: Duggan v. Duggan, 291 Pa. 556-563. Plaintiff here seeks information on which to base his complaint. It is our opinion that he has followed a proper procedure, one which greatly improves on the former "slow, cumbersome and expensive" practice.

Accordingly, we enter the following

## Order

And now, March 30, 1954, upon consideration of the within amended petition, and on motion of C. Clark Hodgson, attorney for plaintiff, it is ordered that petitioner, Edwin A. McKeon, be and he is hereby allowed to serve upon defendant the written interrogatories

attached to the amended petition, which are hereby approved by the court, and defendant is directed to file a verified answer thereto within 20 days after service of the interrogatories and a copy of this order, pursuant to Pa. R. C. P. 4005-07.