## Schwartz v. Helwig Pontiac Co.

*Samuel M. Rosenzweig* and *Aaron Rosenzweig*, for plaintiff.

*William B. Paul, Frank A. McFadden, Jr., Paul, Lawrence & Rock*, for defendant.

MONTGOMERY, J., April 3, 1956.— Plaintiff has presented to the pretrial judge a petition to inspect the books, records, etc., of defendant under Pennsylvania Rules of Civil Procedure 4005, 4007, 4009 and 4011 for the purpose of preparing a complaint. The action was started by a præcipe for a summons in assumpsit, no complaint as yet being filed. The petition, however, does make certain allegations which indicate the nature of the alleged cause of action; viz., plaintiff's engagement by defendant as sales manager at $600 per month plus 10 percent of the net profits of the entire business including finance and insurance reserves, subsequently changed to $750, and the percentage to remain the same, performance by plaintiff and failure of defendant to pay the percentage on profits after December 31, 1954, or to render an accounting of profits for any period.

Defendant has answered the petition admitting the hiring of plaintiff at $600 plus 10 percent of net profits but denying that term was intended to include finance and insurance reserves, and also denying that the basic monthly salary was raised from $600 to $750, contending that the additional $150 was not an increase of the base pay but as a drawing on the bonus to be based on 10 percent of net profits, not including the aforesaid reserves; that on request of plaintiff's counsel, defendant has given plaintiff a statement of its net profits for the period from June 1, 1954, to December 31, 1955, certified by a certified public accountant and, as shown by same, plaintiff has been overpaid on his ten percent bonus. Defendant, although denying plaintiff's right to inspection, has offered to have its certification of profits verified

by independent auditors at plaintiff's expense, with a disclosure to plaintiff of the results of same, excluding the amount of its finance and insurance reserves and the details upon which the results are founded.

In the case of Walter Sedler, trading as Sedler's Market v. Penn Kosher Food Company, Inc., at 2306 April term, 1955, in this court, we recognized the confidential nature of business records but permitted their inspection insofar as they related to defendant, but only after specific allegations of fraud were made in the pleadings and further allegations of belief that inspection would indicate further fraud.

In McKeon v. Independence Broadcasting Co., 87 D. & C. 421, relied on heavily by plaintiff, we find only an allowance of interrogatories to secure gross billings on accounts on which commissions were claimed.

In neither case was the privilege granted to make a general inspection of the books of the other party.

As we view this case, what plaintiff is seeking is an accounting similar to what was allowed by the Practice Act of May 14, 1915, P. L. 483, §§11-19, discussed in Duggan v. Duggan, 291 Pa. 556, suspended by the Rules of Civil Procedure, 12 PS §382, but which is still available under Rules of Civil Procedure, rule 1021. Defendant has provided a statement of what an accounting would disclose as to profits except the controversial reserves, the amount of which defendant declines to disclose. If the trial of this case results in a verdict on this point, the trial judge may compel complete accounting and disclosure as well as opportunity to verify the profits certified by defendant's auditors. However, at this time such information is not necessary for the preparation of plaintiff's case.

The privilege of making a general inspection of defendant's books and records at this time will be refused.

*Order*

And now, to wit, April 3, 1956, the petition ex parte plaintiff for inspection of defendant's records under Pennsylvania Rules of Civil Procedure 4005, 4007, 4009 and 4011 is refused.

Eo die exception noted to plaintiff and bill sealed.