## Nieman v. Winkler

Before Aponick, P. J., Flannery and Lewis, JJ.

*Sol Lubin*, for plaintiff.

*Herbert L. Winkler*, for defendant.

FLANNERY, J., January 30, 1961. — This matter comes before the court on plaintiff's preliminary objections to defendant's answer and counterclaim.

Plaintiff instituted this action in assumpsit against defendant seeking an accounting of all the gains and profits earned and received by defendant to which plaintiff was entitled and demanding judgment for the amount so indicated. The complaint alleges that on or about May 1, 1959, defendant employed plaintiff as a salesman under an oral contract. The alleged terms of the contract provide that defendant was to pay plaintiff 50 percent of the net profit realized on all sales of defendant's products and on all contracts for the exterior remodeling of homes made and secured by plaintiff for and on behalf of defendant. Pursuant to said agreement, defendant paid to plaintiff the sum of $1,033, but it is alleged that a greater amount was due plaintiff as would be revealed by an accounting.

Defendant filed an answer and counterclaim. In the answer, defendant admits that plaintiff was employed by him and that the agreement provided for payment based upon a percentage of profits. It is denied, however, that plaintiff's employment concerned the sale of defendant's products. Rather it is alleged that the employment related only to the securing of contracts for home improvements. Moreover, it is alleged that the

percentage of profits due plaintiff was to be 50 percent or 33⅓ percent, depending upon whether or not plaintiff was assisted by defendant or his agents in the securing of the said contracts. Also, an account is attached to the answer which indicates the contracts secured for defendant by plaintiff, the amount of each contract, the total figures expended for "Materials, Labor and Overhead (based on 18%)" on each contract, the net profit on each contract and the percentage of profit on each contract due to plaintiff. Finally, the answer indicates that plaintiff actually earned $887.74 but was paid, at plaintiff's request, $1,031, an amount in excess of what was actually due and owing to him.

The counterclaim contains two causes of action. In the first cause of action, defendant seeks recovery of the $143.26 overpayment made to plaintiff. In the second cause of action, defendant seeks recovery of $762.20 as damages allegedly suffered as a result of plaintiff's conduct with reference to two contracts negotiated by plaintiff on behalf of defendant but which were executed on plaintiff's own behalf after he terminated his employment with defendant.

Plaintiff has filed preliminary objections in the nature of a motion for a more specific answer and counterclaim. In support of this motion, plaintiff complains: (1) That the account attached to defendant's answer does not itemize, with respect to each contract set forth, the kind of materials used and the cost of said materials, the names, salaries and work hours of each employe and the method of computing overhead; (2) that the account does not reflect any figures concerning a contract made and executed by plaintiff with one Michael Comasso and (3) that the counterclaim indicates a total loss of net profits on certain contracts allegedly lost to the defendant as a result of plaintiff's conduct, but fails to specify the manner in which said net profits were computed.

At the argument, counsel for defendant agreed to amend the counterclaim to eliminate the third objection raised by plaintiff. Accordingly, no discussion of that objection is necessary. The other two objections will be discussed in the order stated.

Under Rule 1021 of the Pennsylvania Rules of Civil Procedure, as under section 11 of the Practice Act of May 14, 1915, P. L. 483, where defendant voluntarily presents an accounting, plaintiff is entitled to an exhibition of defendant's account, together with receipts and vouchers of various payments, if there are any. Hence, an answer which does not exhibit such an account, together with the receipts and vouchers, without reason is insufficient and the court will order it to be exhibited: Eisenhauer Bros. v. Meiser, 29 Dist. R. 125, 7 Pa. R. C. 420, 4 Northumb. 281; Chisholm v. Nicola Building Company, 65 Pitts. L. J. 425; 4 Standard Pa. Pract., §135, pp. 227-28. As to the contracts covered by defendant's account, there appears no reason why the requested information should not be supplied. Thus plaintiff's first objection must be sustained.

Plaintiff's second objection complains that defendant's account does not reflect figures concerning a contract executed by one Michael Comasso. However, the answer does state that said contract was cancelled by Comasso before any part of the contract could be fulfilled. Thus, in effect, defendant has denied that he is liable to account to the plaintiff on this contract. This he has a right to do. And under such circumstances, it must first be decided by the trier of the facts whether defendant is liable to account on the contract in question. This, of course, will be done preliminarily at the trial before the question of liability on the actual accounting is considered: Golder v. Rabinowitz, 125 Pa. Superior Ct. 573; Duggan v. Duggan, 91 Pa. Superior Ct. 374. And when this has been done, the amount of

738

recovery, if any, on the entire account in question can then be determined. Accordingly, plaintiff's second objection must be dismissed.

On the foregoing basis, then, we enter the following:

Wherefore, plaintiff's first and third preliminary objections to defendant's answer and counterclaim are sustained, the second objection is dismissed and defendant is directed to file an amended answer and counterclaim in conformity with this opinion within 20 days from the date hereof.